**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RILIK TURNER, | : | |
| | : | Civil Action No. 10-693 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OFFICER JEREMY NIRENBERG, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Rilik Turner
181117
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330

**HILLMAN**, District Judge

　　Plaintiff Rilik Turner, a pre-trial detainee confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

　　At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff was arrested on December 11, 2009 and is confined at the Atlantic County Justice Facility. He alleges that, upon exiting a vehicle, and in the company of his brother and his brother's friend, he was racially profiled by police officer Defendants Jeremy Nirenberg and Rodney Ruark when the Defendants began pursuing him without identifying themselves as police officers or showing their badges. He alleges that they did not have probable cause to arrest him and that they did not give him proper warning pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the

Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-97 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more

3

elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Still, pro se complaints are generally held to less stringent standards, Erickson v. Pardus, 551 U.S. 89, 94 (2007),

and where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

A.  False Arrest Claim

Plaintiff's allegations that Defendants arrested him on the basis of racial profiling can be construed as a claim of false arrest.  A Section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures.  Albright v. Oliver, 510 U.S. 266, 274 (1994).  "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983." O'Conner v. City of Philadelphia, 233 Fed. Appx. 161, 164 (3d Cir. 2007)(citations omitted).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelpha, 855 F.2d 136, 141 (3d Cir. 1988).  Thus, a defense to a false arrest claim is that the police officer defendants acted with probable cause.  Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in

6

motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975). "Probable cause ... requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar, 128 F.3d at 817.

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). Thus, an arrestee can file suit as soon as the allegedly wrongful arrest occurs. The limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. Wallace v. Kato, 549 U.S. 384 389 (2007). Here, since Plaintiff was arrested on December 11, 2009, his § 1983 claim for false arrest accrued at that time, making this action timely. See Wallace, 549 U.S. 384.

7

Even if the allegations of racial profiling are taken as true and Plaintiff were able to show facts sufficient to suggest that there was no probable cause to support his arrest, the claim still may not proceed at this time. It would be premature to render a decision in federal court until the resolution of the state criminal matter concerning the same set of facts.

In Heck v. Humphrey, the Supreme Court held that a § 1983 claim that would imply that an arrest or conviction was invalid was not cognizable until the charges underlying the arrest or conviction were resolved in the plaintiff's favor. 512 U.S. 477, 487 (1994). The United States Court of Appeals for the Third Circuit later held that "[i]n terms of the conflicts which Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983." Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996).

Some years later, in Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005), the Third Circuit noted that "in some cases Fourth Amendment claims for false arrest begin to accrue at the time of arrest,

8

not when the conviction is overturned." 411 F.3d at 450. This occurs when the false arrest claim will not necessarily undermine the criminal conviction or sentence. Id. The Third Circuit further noted that "Heck does not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation." Id. Rather, the Third Circuit determined that each case must be subjected to a fact-based analysis. In Gibson, the court held that plaintiff's Fourth Amendment claims, involving issues of an unlawful search and seizure, were not cognizable and did not accrue until Gibson's conviction was invalidated in April 2002. Id. at 452.

    Recently, however, in Wallace, supra, the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden Heck places on the resolution of such claims. The Supreme Court characterized Heck as delaying "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace, 549 U.S. at 393. With respect to false arrest cases, the Supreme Court held that in order to defer accrual of the claim, it would need to extend the Heck principle to state "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." Id. (emphasis in original). Finding such a

9

principle to be impracticable, the Court held that it was "not disposed to embrace this bizarre extension of Heck." Id.

Based on the Supreme Court's language in Wallace, it would appear that Wallace effectively supersedes the Third Circuit's reasoning in Gibson, supra, and that Heck is inapplicable here, see Gibson v. Superintendent of New Jersey Department of Law and Public Safety, 2007 WL 1038920 (D.N.J. Mar. 29, 2007), and that Smith v. Holtz likewise is abrogated by Wallace. See Snyder v. Decker, 2007 WL 2616993 (W.D. Pa. Sept. 6, 2007).

Thus, under Wallace, any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges. Wallace, 549 U.S. at 393-95. In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought. Id. at 395. This is not an ideal situation because of the potential to clog the court's docket with unresolvable cases. However, in this case, there does not appear to be any clear basis to sua sponte dismiss the false arrest claim on the merits at this preliminary stage, especially since the validity of the arrest has not been fully litigated in Plaintiff's state criminal proceedings.

Because the charges against Plaintiff remain pending, and because the allegations of the Complaint suggest that the evidence obtained in the challenged searches may affect the disposition of those pending criminal charges, this Court will

10

stay the claim for false arrest in violation of the Fourth Amendment, pending resolution of the criminal charges.  See Wallace v. Kato, 549 U.S. at 393-94 ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")).

The factors to be considered in deciding whether to grant a stay of a civil case, where there are pending criminal proceedings, include:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F.Supp.2d 523,526-27 (D.N.J. 1998) (citation omitted).  Here, a civil challenge to the constitutionality of the arrest would be related to the issues being tried in the criminal case.  There is no discernible prejudice to Plaintiff arising from a stay.  Any burden on defendants arising from a stay can be minimized by serving the Complaint at this time, in order to alert the defendants to the pendency of the action and the need to obtain

11

counsel and to preserve evidence and witnesses.  Finally, the interests of the court and the public interest are served by permitting the state criminal court, in the first instance, to determine the constitutionality of the searches.  Cf. Younger v. Harris, 401 U.S. 37 (1971) (it is not generally the role of the federal courts to interfere in pending state judicial proceedings; a federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings).

Therefore, this Court will allow this claim of alleged false arrest to proceed, but stay the action until plaintiff's criminal proceedings are concluded.

B.   Miranda Warnings

The Fifth Amendment to the U.S. Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."  In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court held that the Self-Incrimination Clause of the Fifth Amendment prohibits prosecutorial use at trial of "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  Absent equally effective means, these procedural safeguards are that a person be

warned prior to custodial interrogation of his right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be provided to him. Id. at 479.  If, after receiving these warnings, a person knowingly and intelligently waives these rights and provides a statement, that statement can be used against the person in a criminal proceeding.  Id.

The Miranda exclusionary rule is, however, a prophylactic measure meant to prevent violations of the right against self-incrimination.  The failure to provide Miranda warnings to an arrestee does not violate the arrestee's constitutional rights and cannot be grounds for a § 1983 action.  Chavez v. Martinez, 538 U.S. 760, 772 (2003).  Accordingly, Plaintiff's claims regarding alleged Miranda warning violation must be dismissed.[1]

### V.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's false arrest claim will be allowed to proceed at this time, but will be stayed pending the conclusion of plaintiff's state criminal proceedings, at which time any party may move to re-open the matter within thirty days.  Plaintiff's claim of failure to warn pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), will be

---

[1] The Court expresses no opinion as to the merits of such a claim with respect to the state court proceedings.

dismissed with prejudice as against all named defendants, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


At Camden, New Jersey           /s/ NOEL L. HILLMAN
                                Noel L. Hillman
                                United States District Judge

Dated: April 30, 2010